# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| THE BOARD OF REGENTS OF THE UNIVERSITY OF WASHINGTON, | No. 86493-9-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| EMPLOYERS INSURANCE COMPANY OF WAUSAU, A LIBERTY MUTUAL COMPANY, | |
| Petitioner. | |

FELDMAN, J. — In *Tulalip Tribes of Washington v. Lexington Insurance Co.*, __ Wn. App. 2d __, 566 P.3d 149 (2025), this court held that COVID-19 does not trigger coverage under an "All Risk" policy that predicates coverage on "direct physical loss or damage" to property. Because the trial court's ruling in this matter is contrary to *Tulalip*, we reverse and remand for dismissal.

The University of Washington (UW) obtained from Employers Insurance Company of Wausau (Wausau) "All Risk" insurance coverage for several of its properties. UW sought coverage after government orders relating to COVID-19 required temporary closures of those properties. The relevant policy provisions predicate coverage on "direct physical loss or damage." When Wausau denied coverage based on those policy provisions, UW filed a complaint asserting claims

for breach of contract, declaratory judgment, bad faith, and violations of the Washington Consumer Protection Act, chapter 19.86 RCW (CPA), and Washington Insurance Fair Conduct Act, RCW 48.30.015 (IFCA). Wausau filed a CR 12(b)(6) motion to dismiss the claims based on the above policy provisions, and the trial court denied that motion. Wausau then filed a motion for discretionary review, which our commissioner granted.

We review the trial court's ruling denying Wausau's CR 12(b)(6) motion de novo. *Tulalip*, 566 P.3d at 154. "'A CR 12(b)(6) motion may be granted only where there is not only an absence of facts set out in the Complaint to support a claim of relief, but there is no hypothetical set of facts that could conceivably be raised by the Complaint to support a legally sufficient claim.'" *Id.* (quoting *Worthington v. Westnet*, 182 Wn.2d 500, 505, 341 P.3d 995 (2015)). Additionally, construction of an insurance policy is a question of law. *Queen City Farms, Inc. v. Cent. Nat'l Ins. Co. of Omaha*, 126 Wn.2d 50, 65, 882 P.2d 703 (1994). We examine the policy "to determine whether under the plain meaning of the contract there is coverage." *Kitsap County v. Allstate Ins. Co.*, 136 Wn.2d 567, 576, 964 P.2d 1173 (1998). If the policy's language is clear and unambiguous, we must enforce the policy as written. *Tulalip*, 566 P.3d at 154. Also relevant here, "the insured bears the burden of showing that coverage exists." *Id.*

Thus, the issue before us in this appeal is whether UW has alleged the required "direct physical loss or damage" to trigger coverage under the relevant policies for the COVID-19-related losses at issue. We addressed a similar attempt to obtain coverage for COVID-19-related losses in *Tulalip*. In that case, the trial

2

court granted the insurer's CR 12(b)(6) motion to dismiss the insureds' complaint seeking to recover business losses caused by the government's COVID-19 orders based on an "All Risk" policy that, like the Wausau policies at issue here, "predicated coverage on 'direct physical loss or damage.'" 566 P.3d at 152. We affirmed the dismissal and, in doing so, squarely addressed and rejected the same three arguments that UW asserts in this appeal. We address each of those arguments in turn.

First, UW argues it "sufficiently alleges 'direct physical loss or damage'" because "SARS-CoV-2 was present at the Properties at relevant times, causing the formation of SARS-CoV-2 aerosols and fomites that damaged the Properties." The insureds in *Tulalip* similarly argued, "the presence of the COVID-19 virus physically transformed the content of the air in any insured location where it was present" by "filling the air with aerosolized [COVID]-19 virus" and creating "fomites." *Id.* at 157 (internal quotation marks omitted) (alteration in original). We rejected this argument and held "the presence of the virus and/or fomites in the air does not constitute direct physical loss or damage to [the insured's] property." *Id.* at 161. The same reasoning and holding defeats UW's corresponding argument.

Second, UW argues it "has alleged 'direct physical loss or damage' sufficient to trigger the policies'" because "there is an allegation that the presence of COVID-19 caused a loss of functionality," which satisfies the "'loss of functionality' test" described in *Hill & Stout, PLLC v. Mutual of Enumclaw Insurance Co.*, 200 Wn.2d 208, 221-22, 515 P.3d 525 (2022), and *Seattle Tunnel Partners v. Great Lakes Reinsurance (UK) PLC*, 200 Wn.2d 315, 339-43, 516 P.3d 796

3

(2022). We rejected a similar loss of functionality argument in *Tulalip* because, "like the insured in *Hill & Stout*, the [insureds in *Tulalip*] maintained possession of the property, the property was still functional and able to be used, and the [insureds] were not prevented from entering the property." 566 P.3d at 157-58. We therefore held the insureds' deprivation was "more akin to an abstract or intangible loss, which is insufficient to establish direct physical loss or damage." *Id.* We also clarified that "under *Seattle Tunnel Partners*, the deprivation must still be caused by a physical impact to the property." *Id.* at 158. The same reasoning and holding apply equally here because, as in *Tulalip*, UW's allegations show it suffered an abstract or intangible loss as opposed to a physical loss.

Third, UW argues "the spread of the SARS-CoV-2 coronavirus" and resulting "contamination of the properties with the COVID-19 communicable disease" are "sufficient to trigger coverage under the communicable disease coverage endorsements" founds in three of its policies. The insureds in *Tulalip* similarly "claim[ed] coverage under other provisions, including those providing coverage for Extra Expense, Ingress/Egress, and Interruption by Civil Authority." *Id.* at 161. We rejected the argument because "'physical loss or damage' [was] necessary to all of the [insureds'] claims for coverage under these additional provisions." *Id*. Like the additional provisions in *Tulalip*, the "communicable disease coverage endorsements" in UW's policies state that Wausau will pay for decontamination costs and lost profits or earnings where "covered property . . . is contaminated by a communicable disease as the direct result of a covered loss." The policies then define a "covered loss" as "[a] loss to covered property caused

4

by direct physical loss or damage insured by this Policy." Thus, as in *Tulalip*, there must be direct physical loss or damage to property for UW to obtain coverage under the communicable disease coverage endorsements. Because UW has failed to allege such loss or damage (for the reasons discussed above), the communicable disease coverage endorsements do not apply.

In sum, we reject UW's arguments regarding its entitlement to coverage under the policies at issue for the same reasons set forth in *Tulalip*. UW's breach of contract and declaratory judgment claims fail on this basis. As a result, we need not reach Wausau's alternative ground for reversal, namely that the policies' "contamination exclusion" precludes coverage for UW's claimed losses. And because UW fails to allege facts establishing coverage, its extra-contractual claims for bad faith and violations of the CPA and IFCA also fail. *See Tulalip*, 566 P.3d at 161 (affirming dismissal of "extracontractual claims of violation of the common law duty of good faith and fair dealing, the CPA, and IFCA" because those claims "turn on whether the Insurers properly denied the [insureds'] insurance claims") (internal quotation marks omitted). Because *Tulalip* is directly on point and fatal to UW's coverage arguments, we reverse and remand for dismissal.

Feldman, J.

WE CONCUR:

Díaz, J.

Coburn, J.

5